IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

------------------------------------------------------------ x
: 
In re:                                                       : Chapter 11
                                                             :
F-STAR SOCORRO, L.P., *et al.*,                              : Case No. 25-90607 (ARP)
                                                             :
                                       Debtors.[1]           : Jointly Administered
                                                             :
------------------------------------------------------------ x

## DECLARATION AND DISCLOSURE STATEMENT OF
## IAN H. FISHER, ON BEHALF OF TAFT STETTINIUS & HOLLISTER LLP

I, Ian H. Fisher, declare under the penalty of perjury:

1. I am over 18 years of age and a partner of Taft Stettinius & Hollister LLP, located at 111 East Wacker Drive, Suite 2600, Chicago, IL 60601 (the "**Company**").

2. F-Star Socorro, L.P. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), have requested that the Company provide legal services to the Debtors, and the Company has consented to provide such services (the "**Services**").

3. The Services include, but are not limited to, the following:

> Representing the defendants, Five Star Resort Owner, LLC, FSPV Res C, LLC, Five Star Development Resort Communities, LLC, Five Star Land Owner, LLC, RCPVAZ, LLC, and F-Star Development L.P., in *Stein Ray*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are F-Star Socorro, L.P. (7438); Five Star Development Properties, LLC (2183); Five Star Development Resort Communities, LLC (1282); Five Star Resort Holdings Parent, LLC (N/A); Five Star Resort Holdings, LLC (N/A); Five Star Resort Mezz, LLC (N/A); Five Star Resort Owner, LLC (4994); Five Star Land Holdings Parent, LLC (N/A); Five Star Land Holdings (AZ), LLC (N/A); Five Star Land Mezz, LLC (N/A); Five Star Land Owner, LLC (N/A); FSPV Mezz C Sub LLC (5233); FSPV Res C, LLC (8745); 11751 Alameda Avenue Owner, LLC (2300); JNY Building Owner, LLC (6282); JNY II Building Owner, LLC (9687); 1340 Bob Hope Drive Owner, LLC (4986); JNY, L.P. (3609); JNY II, L.P. (3041); 5 Star Tech I, L.P. (4020); 5 Star Tech II-1, LP (5916); 5 Star Tech II-4, LP (2357); 5-Star Tech II-2, L.P. (6602); F-Star Socorro Holding Co., LLC (6729); JNY Mezz, LLC (N/A); JNY II Mezz, LLC (N/A); 5 Star Tech I GP, LLC (N/A); 5 Star Tech II-1 GP, LLC (N/A); 5 Star Tech II-4 GP, LLC (N/A); 1340 Bob Hope Drive Parent, LLC (N/A); 11751 Alameda Avenue Parent, LLC (N/A); Unit 82 El Paso Owner, LLC (2399); Southwest Rojas Parent, LLC (N/A); and Southwest Rojas, LLC (N/A). The Debtors' mailing address in these chapter 11 cases is 6720 N. Scottsdale Rd., #130, Scottsdale, AZ 85253.

*LLP v. Five Star Resort Owner, LLC, et al.*, Case No. 1:25-cv-06756 pending in the Northern District of Illinois.

4. The Company may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants, employees of the Debtors, or other parties in interest in these chapter 11 cases. The Company does not perform services for any such person in connection with these chapter 11 cases. In addition, the Company does not have any relationship with any such person, their attorneys, or their accountants that would be adverse to the Debtors or their estates with respect to the matters on which the Company is to be retained.

5. Neither I, nor any principal of, or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Company.

6. Neither I, nor any principal of, or professional employed by, the Company, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matters on which the Company is to be retained.

7. As of the date of the commencement of their chapter 11 cases, the Debtors owed the Company $255.00 for prepetition services.

8. The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described in this declaration, the Company will supplement the information contained in this declaration.

9. As of the Petition Date, the Company was not party to an agreement for indemnification with certain of the Debtors.

10. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
Declarant